1
2
3
4
5   **UNITED STATES DISTRICT COURT**
6   **DISTRICT OF NEVADA**
7
8   CYNTHIA HORNER,                    2:12-CV-269 JCM (GWF)
9            Plaintiff,
10  v.
11  MORTGAGE ELECTRONIC
12  REGISTRATION SYSTEMS, INC., et al.,
13
14           Defendants.
15
16                              **ORDER**

17       Presently before the court is defendants Mortgage Electronic Registration Systems, Inc., et.

18  al.'s motion to dismiss. (Doc. #15). Plaintiff Cynthia Horner filed an opposition (doc. #19), to

19  which defendants have responded (doc. #22).

20       The property at issue in this case is located at 5880 Via Manigua, Las Vegas, Nevada 89120.

21  (Doc. #1, Ex. A). On December 18, 2006, plaintiff refinanced the previous mortgage on the property

22  by obtaining a $520,000.00 loan from Countrywide Home Loans, Inc. (now known as BANA).

23  (Doc. #15, Ex. A). The loan was secured by a first position deed of trust, in which MERS is the

24  beneficiary and nominee and has the power to act on the lender's behalf. (Doc. #15, Ex. A). The

25  deed of trust was recorded in the official records of Clark County Nevada on December 22, 2006,

26  therefore securing plaintiff's performance under the loan. (Doc. #15, Ex. A). ReconTrust is listed

27  as the original trustee in the deed of trust. (Doc. #15, Ex. A).

28

**James C. Mahan**
**U.S. District Judge**

On March 1, 2009, plaintiff failed to make a payment and subsequently defaulted on the loan. (Doc. #15). As a result of the default, ReconTrust recorded a notice of default and election to sell on June 22, 2009. (Doc. #15, Ex. B). A notice of trustee's sale was recorded on September 25, 2009, noticing a sale date of October 14, 2009; the sale was subsequently postponed. (Doc. #15, Ex. C). Following the notice of trustee's sale, plaintiff took actions to strip the lender's security interests from the property by recording a reconveyance in which plaintiff claimed to have paid the sum of the debt owed. (Doc. #15, Ex. G). On November 23, 2011, ReconTrust recorded another notice of trustee's sale, noticing a December 13, 2011, sale date; the sale was postponed and has not been rescheduled. (Doc. #15, Ex. J).

Plaintiff filed her complaint on January 13, 2012, including claims for: (1) violation of NRS § 41.600 (unfair business practices), (2) declaratory relief, and (3) statutory violations. (Doc. # 5, Ex. A). Defendants move the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and Federal Rule of Civil Procedure 9(b) for failing to plead a claim with particularity.

## Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendants fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  sheer possibility that a defendants has acted unlawfully.  *Id.*  "Where a complaint pleads facts that
2  are 'merely consistent' with a defendants's liability, it 'stops short of the line between possibility and
3  plausibility of entitlement to relief.'"  *Id.*

**I. Unfair Business Practices**

If plaintiff is filing for misconduct under Nevada's Unfair and Deceptive Trade Practices Act (NDTPA), the claim *must* be pled with particularity under Federal Rule of Civil Procedure 9(b). *Thorne v. Wagner*, Case No. 2:06-cv-492, 2007 WL 496373, at *3 (D. Nev. Feb. 13, 2007).  In order to have a sufficiently particular pleading, the complaint must include "averments of the time, the place, the identity of the parties involved, and the nature of the fraud."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Defendants argue that plaintiff's claim for violations of NDTPA fails because the action was not pled with particularity and because non-judicial foreclosures do not constitute the "sale or lease of goods and services" as required by the NDTPA.  (Doc. #15).  As to the particularity requirement, defendants assert that plaintiff uses vague language and legal conclusions, but does not explain in detail why the statements are false or how the defendants participated in "unfair business practices," leaving the complaint factually deficient.  (Doc. #15).

Defendants also argue that plaintiff's claim that defendants violated the NDTPA is without merit because she has not cited any conduct on the part of any defendants that would qualify as a "sale or lease of goods or services."  (Doc. #15).  Further, defendants assert that the statutes on which plaintiff is relying (NRS 598.0915 and 598.092) do not apply to secured lending transactions due to the fact that Nevada has specific legislation that is meant to deal with lending.  (Doc. #15).

In response, plaintiff argues that her first cause of action was sufficiently specific because the allegations in the complaint and attachments contain details as to "who, what, when, where, and how the wrongful acts were perpetrated." (Doc. #19).  Plaintiff asserts that the particular facts stating that "defendants recorded a document on January 24, 2011, in which the defendants falsely assigned the note and deed of trust to BNY" is particular enough.  (Doc. #19).

**James C. Mahan**
**U.S. District Judge**

- 3 -

It is well established that NRS § 598 does not apply to real estate transactions. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions."; *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [ N.R.S. § 598] does not provide an avenue of relief to [p]laintiff.").

Further, the complaint fails to provide sufficient details to satisfy rule 9(b)'s particularity requirement. Although plaintiff has included additional specific details as to how the defendants allegedly engaged in deceptive and fraudulent acts in her opposition (doc. #19), these facts are not present in the complaint. The complaint merely states that "defendants engaged in deceptive acts . . . by preparing and executing the false and impossible assignment . . . ." (Doc. #5 Ex. A). Plaintiff failed to include details in the complaint that would explain when and how the defendants participated in "unfair business practices" as required by *Moore*. *Moore*, 885 F.2d at 540. Accordingly, plaintiff's unfair business practices claim must be dismissed.

**II. Declaratory Relief**

Where there is no viable cause of action in the complaint, the remedy request for declaratory relief must be correspondingly dismissed. *See Avirez Ltd. v. Resolution Trust Co.*, 876 F. Supp. 1135, 1143 (C.D. Cal. 1995). Similarly, if the claim to which the remedies are related fail, the request for declaratory relief must also be dismissed. *Aguilar v. WMC Mortgage Corp.*, No. 2:09-cv-01416-ECR-PAL, 2010 WL 185951, at *2 (D. Nev. Jan. 15, 2010). Whereas defendants' motion to dismiss is granted in its entirety, plaintiff is not entitled to such relief. Accordingly, the second cause of action must be dismissed.

**III. Statutory Violations**

Again, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

The complaint fails to identify which statutes defendants have allegedly violated. Therefore, the pleadings fail to show that the pleader is entitled to relief. FED. R. CIV. P. 8(a). Accordingly,

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  plaintiff's statutory violations claim must be dismissed.

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Mortgage
4  Electronic Registration Systems, Inc., et. al.'s motion to dismiss (doc. #15) be, and the same hereby
5  is, GRANTED.

6  IT IS FURTHER ORDERED that the clerk of court shall close the above-captioned case and
7  enter final judgment accordingly.

8  DATED June 5, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -